IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>STEPHEN LAVERNE CRABTREE,<br>　　　　　　Defendant. | CASE NO: **2:22-MJ-122**<br><br>**DETENTION ORDER** |

　　The defendant denies allegation numbers one through five of the petition regarding violation of conditions of pretrial release from June 24, 2022. After a hearing on this matter, the court finds by clear and convincing evidence that the defendant has violated the conditions of release. Specifically, the court finds the government established allegations number 1, 2, and 5 of the petition by clear and convincing evidence. The government did not meet its burden with regard to allegations 3 and 4, for the reasons stated on the record. The court held a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f) and § 3148. The court concludes the defendant must be detained pending trial.

　　In this case, a presumption of detention does not apply because the court finds insufficient evidence exists that the violation constitutes a federal, state, or local felony commited while on release.

　　Based on the evidence presented and information of record, the court finds the defendant is unlikely to abide by any condition or combination of conditions of release.

　　Specifically, the court finds that the defendant

- ☐ has a criminal record which indicates a propensity to violate the law and court orders;
- ☐ has a criminal record which indicates a propensity to violate court orders;
- ☐ has violated the conditions of release previously imposed by the court;
- ☐ has a propensity or history involving harm or threatened harm to others;
- ☐ is addicted or abuses mood-altering chemicals and is likely to continue such conduct and violate the law if released;
- ☒ was not reporting to pretrial services, effectively absconding from supervision;
- ☐ is not a United States citizen, is subject to an ICE detainer, or faces deportation;
- ☐ has a history involving the unlawful possession of dangerous weapons;
- ☐ has substantial contacts with a foreign country and could flee the country;

- ☐ has limited contacts with the community;
- ☐ lacks an indication of a stable residence;
- ☐ has limited employment contacts;
- ☒ has failed to appear for court proceedings in the past;
- ☐ is currently in state custody;
- ☐ has treatment needs that cannot be met on supervision which will pose a risk of harm if the defendant is released or will likely cause noncompliance with supervision;
- ☐ submitted on the issue of detention, offering no evidence or proffer in favor of release;

and conditions which restrict the defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor the defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

The government established at the hearing that Mr. Crabtree failed to report to pretrial as directed, essentially absconding from supervision. Mr. Crabtree maintains he left a couple messages for the probation office, but they have no record of this, and he did not otherwise follow up with probation. And probation tried to reach out to Mr. Crabtree numerous times, without success. Mr. Crabtree also failed to report to court (in the Southern District of Texas) for a hearing of which he was aware. Although Mr. Crabtree indicated this failure was due to technology issues, there is no indication he followed up in any way on this hearing. And Mr. Crabtree was found to be living with two of his codefendants (who he was prohibited from contacting). The fact that he did not report to supervision or his court hearing—and that he was in direct violation of his condition not to contact codefendants—shows he is unlikely to abide by his release conditions and must be detained.

## Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United

States Court or on request of an attorney for the government, the person in charge of the correctional facility must deliver the defendant to the United States Marshal for a court appearance.

Dated June 28, 2022.

BY THE COURT:

_____
Magistrate Judge Daphne A. Oberg